IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-144

 No. COA20-142

 Filed 20 April 2021

 Buncombe County, Nos. 17 CRS 87437–38

 STATE OF NORTH CAROLINA

 v.

 JAMES LEROY JACKSON, JR.

 Appeal by defendant from judgment entered 8 March 2019 by Judge Peter B.

 Knight in Buncombe County Superior Court. Heard in the Court of Appeals 10

 February 2021.

 Attorney General Joshua H. Stein, by Assistant Attorney General Asher P.
 Spiller, for the State.

 Hynson Law, PLLC, by Warren D. Hynson, for defendant.

 DIETZ, Judge.

¶1 Defendant James Jackson appeals his conviction for possession of cocaine with

 intent to sell or deliver. Jackson argues that he sold two white rocks to an undercover

 detective who handled them with his bare hands and then placed them into the

 console area of his car without securing them. Thus, Jackson argues, those white

 rocks were exposed to potential contaminants and were either inadmissible or so

 compromised that they could not constitute substantial evidence of the crime.
 STATE V. JACKSON

 2021-NCCOA-144

 Opinion of the Court

¶2 We reject these arguments. Jackson’s concerns about the handling of this

 physical evidence go to weight and credibility, not admissibility, and the evidence

 readily was sufficient to send the charge to the jury.

¶3 Jackson also contends that the trial court erred by informing the jury that they

 should have the “goal” of reaching a unanimous verdict. The challenged instruction

 occurred after the trial court already provided detailed instructions to ensure that

 jurors understood they were not compelled to reach a unanimous verdict. In light of

 those instructions, the jury understood that it should deliberate and reach a

 unanimous verdict if possible but was not compelled to do so. Accordingly, we reject

 this argument as well and find no error in the trial court’s judgment.

 Facts and Procedural History

¶4 In 2017, an undercover detective with the Asheville Police Department drove

 into an apartment complex, displayed some cash, and indicated that he was looking

 to buy drugs. A woman directed him to Defendant James Jackson. Jackson took the

 money from the detective and then handed him what the detective described as two

 “little rocks of crack cocaine.” These “rocks” were unpackaged and the detective

 handled them with his bare hands. When the detective returned to his car, he put the

 two unpackaged rocks in the console area. The detective then drove back to the police

 station, put the items in a secure envelope, entered them into the computer system,

 and then deposited them in the property room drop box, where they stayed until they
 STATE V. JACKSON

 2021-NCCOA-144

 Opinion of the Court

 were delivered for laboratory testing.

¶5 The State charged Jackson with selling a mixture containing cocaine and

 possession with intent to sell or deliver a mixture containing cocaine. At trial, a

 forensic scientist testified that the rocks purchased by the detective contained

 cocaine. The detective also testified that he visually identified the substance as

 cocaine.

¶6 The jury acquitted Jackson of selling cocaine and convicted him of possession

 with intent to sell or deliver cocaine. The trial court sentenced Jackson to 16 to 29

 months in prison. Jackson appealed.

 Analysis

 I. Sufficiency of evidence of possession of a controlled substance

¶7 Jackson first challenges the denial of his motion to dismiss. He contends that

 the white rocks he sold to the detective were contaminated when the detective

 handled them with his bare hands, rendering any laboratory testing unreliable. Thus,

 he argues, there was no substantial evidence that the rocks actually contained

 cocaine.

¶8 “This Court reviews the trial court’s denial of a motion to dismiss de novo.”

 State v. Smith, 186 N.C. App. 57, 62, 650 S.E.2d 29, 33 (2007). A trial court properly

 denies a motion to dismiss if there is substantial evidence that the defendant

 committed each essential element of the charged offense. Id. “Substantial evidence is
 STATE V. JACKSON

 2021-NCCOA-144

 Opinion of the Court

 such relevant evidence as a reasonable mind might accept as adequate to support a

 conclusion.” Id.

¶9 “The offense of possession with intent to sell or deliver has the following three

 elements: (1) possession of a substance; (2) the substance must be a controlled

 substance; (3) there must be intent to sell or distribute the controlled substance.”

 State v. Yisrael, 255 N.C. App. 184, 187–88, 804 S.E.2d 742, 744 (2017), aff’d per

 curiam, 371 N.C. 108, 813 S.E.2d 217 (2018). Jackson focuses on the second element,

 arguing that the State’s evidence “only raised a suspicion” that the white rocks were

 cocaine. This is so, Jackson argues, because the detective handled the rocks with his

 bare hands, admitted to handling cocaine with his bare hands earlier that same day,

 and admitted to putting the white rocks in the same area of his car that he previously

 stored other seized cocaine earlier that day. Thus, Jackson argues, the State failed to

 present sufficient evidence to show that, at the time Jackson sold the white rocks to

 the officer, those rocks contained cocaine.

¶ 10 To be sure, Jackson’s argument is one that a jury could consider when

 evaluating the weight to give to the laboratory testing, because the detective might

 have inadvertently contaminated the evidence with cocaine residue from earlier

 investigations. But these are questions of weight and credibility. The State

 unquestionably presented sufficient evidence from which a reasonable juror could

 conclude that the State proved each element of the charged offense. State v.
 STATE V. JACKSON

 2021-NCCOA-144

 Opinion of the Court

 Blackmon, 208 N.C. App. 397, 401, 702 S.E.2d 833, 836 (2010). Accordingly, the trial

 court did not err by denying the motion to dismiss.

 II. Admissibility of controlled substance

¶ 11 Jackson next argues that the trial court plainly erred by admitting the white

 rocks into evidence because the possibility of contamination prevented the evidence

 from properly being authenticated under the Rules of Evidence. Jackson

 acknowledges that he did not object to the admission of this evidence and thus we can

 review this argument solely for plain error.

¶ 12 “For error to constitute plain error, a defendant must demonstrate that a

 fundamental error occurred at trial.” State v. Lawrence, 365 N.C. 506, 518, 723 S.E.2d

 326, 334 (2012). “To show that an error was fundamental, a defendant must establish

 prejudice—that, after examination of the entire record, the error had a probable

 impact on the jury’s finding that the defendant was guilty.” Id. Plain error should be

 “applied cautiously and only in the exceptional case” where the error “seriously affects

 the fairness, integrity or public reputation of judicial proceedings.” Id.

¶ 13 “Rule 901(a) requires that evidence be authenticated by showing that the

 matter in question is what its proponent claims.” State v. Snead, 368 N.C. 811, 814,

 783 S.E.2d 733, 736 (2016). Thus, before physical evidence is admitted, it “must be

 identified as being the same object involved in the incident and it must be shown that

 the object has undergone no material change.” State v. Campbell, 311 N.C. 386, 388,
 STATE V. JACKSON

 2021-NCCOA-144

 Opinion of the Court

 317 S.E.2d 391, 392 (1984). The trial court has “sound discretion in determining the

 standard of certainty” necessary to satisfy this test. Id. at 388–89, 317 S.E.2d at 392.

¶ 14 The possibility that physical evidence has been contaminated does not, by

 itself, bar that evidence from being authenticated and admitted. In State v. Mandina,

 for example, the State introduced carpet fibers taken from a car used in a burglary.

 91 N.C. App. 686, 696–97, 373 S.E.2d 155, 161–62 (1988). The defendant argued that

 the fibers were inadmissible because, after law enforcement found the car, its owner

 moved it “to make room in the garage” and officers did not return to seize the car

 until several days later. Thus, the defendant argued, there was “no clean chain of

 custody.” Id.

¶ 15 The Supreme Court rejected this argument, holding that “defendant’s

 argument, strictly analyzed, does not raise a chain of custody problem” Id. at 696,

 373 S.E.2d at 162. “Rather, defendant argues that the source of the evidence, the

 vehicle, had been contaminated by the possible introduction of fibers by third parties

 due to the State’s failure to secure the vehicle.” Id. at 696–97, 373 S.E.2d at 162. “In

 our view, as long as the State laid proper foundation authenticating the evidence as

 the fibers actually seized from the vehicle, defendant’s argument goes to the weight

 of the evidence rather than to the admissibility of it.” Id. at 697, 373 S.E.2d at 162

 (citation omitted).

¶ 16 The same is true here. Jackson does not argue that the State failed to establish
 STATE V. JACKSON

 2021-NCCOA-144

 Opinion of the Court

 that the white rocks tested in the laboratory were the ones the detective purchased

 from Jackson in the undercover drug operation. Instead, Jackson argues that there

 is a possibility that those white rocks were contaminated when the detective handled

 them with his bare hands and placed them in an area of his car that may have been

 exposed to drug residue from earlier undercover activity. Under Mandina, these

 arguments go “to the weight of the evidence rather than to the admissibility of it.” Id.

 We therefore find no error, and certainly no plain error, in the trial court’s admission

 of the challenged evidence.

 III. Jury instructions on further deliberations

¶ 17 Lastly, Jackson asserts that the trial court’s instructions that the jury resume

 their deliberations “with the goal of reaching a unanimous decision as to each charge”

 were unduly coercive.

¶ 18 We review this issue de novo. State v. Gettys, 219 N.C. App. 93, 101, 724 S.E.2d

 579, 586 (2012). Jury instructions encouraging the jury to continue deliberations and

 reach a unanimous verdict often are referred to as Allen charges because the doctrine

 originated from Allen v. United States, 164 U.S. 492, 501–02 (1896).

¶ 19 In North Carolina, Allen charges are governed by a statute. N.C. Gen. Stat.

 § 15A-1235. When a jury indicates that it is unable to reach a unanimous verdict, the

 trial court can instruct the jury that: “(1) Jurors have a duty to consult with one

 another and to deliberate with a view to reaching an agreement, if it can be done
 STATE V. JACKSON

 2021-NCCOA-144

 Opinion of the Court

 without violence to individual judgment; (2) Each juror must decide the case for

 himself, but only after an impartial consideration of the evidence with his fellow

 jurors; (3) In the course of deliberations, a juror should not hesitate to reexamine his

 own views and change his opinion if convinced it is erroneous; and (4) No juror should

 surrender his honest conviction as to the weight or effect of the evidence solely

 because of the opinion of his fellow jurors, or for the mere purpose of returning a

 verdict.” N.C. Gen. Stat. § 15A-1235(b).

¶ 20 A “charge which might reasonably be construed by a juror as requiring him to

 surrender his well-founded convictions or judgment to the views of the majority is

 erroneous.” State v. Gillikin, 217 N.C. App. 256, 262, 719 S.E.2d 164, 168 (2011).

 Thus, the trial court “may not require or threaten to require the jury to deliberate for

 an unreasonable length of time or for unreasonable intervals.” N.C. Gen. Stat. § 15A-

 1235(c). Telling the jury they must deliberate “until” they reach a unanimous verdict,

 for example, is “compelling, coercive language” that is impermissible. Gillikin, 217

 N.C. App. at 265, 719 S.E.2d at 170.

¶ 21 In this case, the jury sent a note after the first day of deliberations explaining

 that “[a]t this moment we cannot come to a unanomous [sic] decision on neither guilty

 or not guilty.” In response, the court properly instructed the jury using the language

 of N.C. Gen. Stat. § 15A-1235 before sending the jury home for the night. The next

 morning, when the jury returned, the court instructed the jury, telling them, “I will
 STATE V. JACKSON

 2021-NCCOA-144

 Opinion of the Court

 now release you to the jury room to resume your deliberations with a goal of reaching

 a unanimous decision as to each charge.”

¶ 22 Jackson argues that the trial court’s instruction to resume deliberations

 “with a goal of reaching a unanimous decision,” which was given separately from the

 full Allen instructions the previous evening, was unduly coercive and resulted in a

 defective jury verdict. We reject this argument. The trial court properly gave the

 required Allen instructions to ensure that jurors understood they were not compelled

 to reach a unanimous verdict. In light of those instructions, the trial court’s decision,

 when deliberations resumed, to inform the jury that they should have the “goal” of

 reaching a unanimous verdict did not compel any juror to “surrender his well-founded

 convictions or judgment to the views of the majority.” Gillikin, 217 N.C. App. at 262,

 719 S.E.2d at 168. It simply reinforced that the jury’s charge was to deliberate and

 reach a unanimous verdict if possible. We thus find no error in the trial court’s

 instructions.

 Conclusion

¶ 23 We find no error in the trial court’s judgment.

 NO ERROR.

 Judges ZACHARY and GRIFFIN concur.